UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 08-80538-CIV-MIDDLEBROOKS/JOHNSON

SUSAN ANDREASON,
    Plaintiff,
v.

SOUTHERN HEALTH ASSOCIATES,
INC. and DR. WILLIAM C. REYNOLDS,
    Defendants.
_____

## ORDER ENTERING DEFAULT JUDGMENT AGAINST DEFENDANTS ON THE ISSUE OF LIABILITY AND SETTING A TRIAL FOR DAMAGES ON NOVEMBER 24, 2008

THIS CAUSE comes before the Court pursuant to a pretrial hearing[1] held on November 19, 2008. Defendants failed to appear at the hearing, and Plaintiff seeks a judgment by default. For the reasons discussed below, Plaintiff's request is granted and a default judgment on liability shall be entered against both Defendants.

Plaintiff Susan Andreason filed this action on May 21, 2008, against Individual Defendant Dr. William C. Reynolds and Corporate Defendant Southern Health Associates, Inc., to recover unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Both Defendants were served on July 17, 2008. *See* DEs 10, 11. Defendants requested a 60-day extension of time to answer the Complaint, so that they could "obtain documents, find an attorney, or attempt to work out a resolution to this case." *See* DE 12. I initially granted Defendants a 10-day extension. Due to a docketing issue, I gave Defendants an additional 17 days in which to file a

---

[1] Specifically, this was a "calendar call," a hearing at which both parties were instructed to appear and inform the Court whether they were prepared to proceed to trial.

1

responsive pleading. *See* DEs 14 and 15.[2] Defendant Reynolds chose to file a "Request for Production" (DE 16) instead.[3] On September 16, I issued an Order to Show Cause as to why Defendants failed to file a responsive pleading (DE 17). I noted that corporations cannot appear *pro se*, and cautioned Corporate Defendant that it risked default if it did not obtain counsel by September 30, 2008.[4]

On September 25, 2008, Plaintiff requested an extension of time to mediate (DE 18), which I granted (DE19). On September 30, Defendant Reynolds filed notice that "Defendant will not obtain counsel and will be acting as 'pro se'" and "Defendant is ready to mediate this case on any date after October 22, 2008." *See* DE 20.

On October 7, 2008, Plaintiff filed her First Motion for Entry of Default (DE 21), stating that neither Defendant had filed an answer or other responsive pleading. Given the well-established Eleventh Circuit precedent that corporations cannot appear *pro se*,[5] my prior warning (DE 17), and Corporate Defendant's failure to act to obtain counsel, I directed the Clerk to enter a default as to Corporate Defendant Southern Health Associates (DE 23).[6]

---

[2] Defendants' responsive pleadings were due on September 12, 2008.

[3] The request was construed as being solely from Defendant Reynolds, and it was denied as untimely and because there was no indication that he had made a good-faith effort to confer with Plaintiff before filing the motion.

[4] *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

[5] *See id.*

[6] A Clerk's Default against Southern Health Associates was entered on October 23, 2008 (DE 24). In my Order (DE 23), I did not rule on Plaintiff's request for entry of a clerk's default against Defendant Reynolds. I noted that Defendant Reynolds had not informed the Clerk's Office of his intention to go *pro se*, so he may not have been on the case distribution list. It is extremely unlikely that this was a problem, as Defendant Reynolds would file "a document"

I noted that Defendant Reynolds seemingly had been trying to participate in this litigation by submitting a request for production and indicating his availability for mediation.[7] Accordingly, on October 21, 2008, I ordered Defendant Reynolds to show cause why Plaintiff's Motion for Entry of Default should not be granted for failure to file a responsive pleading (DE 23). Additionally, pursuant to FED. R. CIV. P. 16 and S.D. FLA. L.R. 16.2, and in the interests of judicial efficiency and effective case resolution,[8] I referred the case to Magistrate Judge Linnea R. Johnson for mediation.

After the parties were consulted, mediation was scheduled for November 4, 2008, at 2 p.m. before Judge Johnson (DE 26). Defendant Reynolds failed to appear or explain his absence (DE 28). On November 19, 2008, pursuant to the Scheduling Order, parties were instructed to appear before this Court at 1:15 p.m. for calendar call. Neither Defendant Dr. William C. Reynolds nor a representative on behalf of Corporate Defendant Southern Health Associates appeared. Defendant never responded to my Order to Show Cause (DE 23), nor did he file a responsive pleading. Accordingly, Plaintiff seeks judgment by default against Defendants and an award of compensatory damages, liquidated damages, and attorney's fees.

---

(albeit generally an improper one) on the date on which filings were due. Still, to ensure that *pro se* Defendant Reynolds had every opportunity to fully participate in this action, I noted the issue and issued an Order to Show Cause (DE 23). After my Order, he appeared on the record as a *pro se* defendant. Thus, he was fully informed in this litigation. Moreover, he attended the pretrial scheduling conference before Magistrate Judge Linnea Johnson (DE 5), so he was aware of the pretrial deadlines and trial date. Both Defendants have had plenty of time, opportunity, and advance notice to avoid final default judgment.

[7] DE 16 and DE 20, respectively.

[8] Mediation seemed particularly appropriate given Dr. Reynolds' status as a *pro se* litigant, and the strong preference for adjudication of cases on their merits, rather than by default.

Finding good cause for granting the relief Plaintiff seeks, it is hereby

**ORDERED AND ADJUDGED** that:

(1) the Clerk shall ENTER DEFAULT against Defendant Dr. William C. Reynolds for failure to appear, answer, or otherwise plead within the time required by law;

(2) JUDGMENT BY DEFAULT ON THE ISSUE OF LIABILITY is entered by the Court against Corporate Defendant Southern Health Associates and Individual Defendant Dr. William C. Reynolds for failure to defend; and

(3) a TRIAL ON DAMAGES shall take place on **Monday, November, 24, 2008**, at 10:00 a.m. before this Court, at the Paul G. Rogers Federal Building, 701 Clematis Street, Second Floor, West Palm Beach, Florida.[9]

DONE AND ORDERED in Chambers in West Palm Beach, Florida, this 20 day of November, 2008.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

Copies furnished to:  counsel of record
                     *Pro se* Defendant
                     Corporate Defendant

---

[9] Plaintiff's Complaint does not set forth a sum certain. Pursuant to FED.R.CIV.P. 55(b), an evidentiary hearing is required to ascertain the amount of damages. *See S.E.C. v. Smyth*, 420 F.3d 1225, 1231-32 (11th Cir. 2005). Defendant has fair notice of this date, as it is the trial date of which he has been aware since July 2008.